PAULINE FALIKMAN, an Infant, by HYMAN MASS, Her Guardian ad Litem, Appellant, *v.* ADOLPH FALIKMAN, Respondent.

Second Department, June 15, 1923.

**Husband and wife — annulment of marriage — interlocutory judgment directing entry of final judgment " dissolving " marriage is erroneous — interlocutory judgment amended nunc pro tunc under Civil Practice Act, § 105, by substituting word " annulling."**

An interlocutory judgment in an action to annul a marriage is erroneous which directs the entry of a final judgment after the expiration of the statutory period " dissolving " the marriage relation, and it will be amended *nunc pro tunc* under section 105 of the Civil Practice Act by substituting for the word " dissolving " the word " annulling."

APPEAL by the plaintiff, Pauline Falikman, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 3d day of May, 1923, denying her motion for a final judgment.

*Frederick S. Martyn [Morris G. Kantrowitz* with him on the brief], for the appellant.

No appearance for the respondent.

PER CURIAM:

The action is to annul a marriage on the ground of fraud. The complaint demands judgment " that the marriage be annulled and declared void." On the trial the defendant defaulted. The Kings County Special Term, Part III, made findings in plaintiff's favor, and directed judgment " *annulling* the marriage relations heretofore existing between the parties hereto, because of the fraud, deceit and misrepresentations practiced on the plaintiff by the defendant as prayed for in the complaint." The interlocutory judgment entered thereon directed that thereafter, and within the statutory period, a final judgment enter in favor of the plaintiff and against the defendant " *dissolving* the marriage relations heretofore existing between the parties hereto, because of the fraud," etc. On an application to the Special Term, Part I, for the usual final judgment, the learned justice holding that branch of the court ordered that the motion be denied on the ground that the interlocutory judgment was not in proper form " in that it provided for a final judgment ' dissolving the marriage relation heretofore existing between the parties hereto,' etc., instead of ' annulling ' said marriage." Plaintiff appeals from such order. The use in the interlocutory judgment of the word " dissolving " is obviously a mistake. The conclusion of law contained in the findings accurately uses the phrase " annulling the marriage relations."

The interlocutory judgment might well have followed this precise language. Failure to do so may be and should be amended pursuant to section 105 of the Civil Practice Act. Whatever may be the definitions of lexicographers and books of synonyms, there seems to be in our statutes a marked distinction between actions to " annul " and to " dissolve " marriages. In all the provisions of the Civil Practice Act relating to actions brought to annul marriages, the words " annul," " annulling " and " nullity," are consistently used (§ 1132 *et seq.*), whereas, in all the sections relating to divorce actions, " dissolving " is the nomenclature without exception (§ 1147 *et seq.*). The question involved may not be of transcendent importance, but in the interest of accuracy in procedure it seems to be one that requires a ruling that the order appealed from was right, and that the interlocutory judgment should be amended to conform to the decision which annulled the marriage. When the court in *Wait* v. *Wait* (4 Barb. 192, 208) spoke of " dissolve " as synonymous with " annul," they were considering the right of a woman, who had obtained a decree of divorce, to dower in the guilty husband's real estate. The case is not authority for the indiscriminate use of the phrases in actions to annul marriages and to dissolve the same for adultery.

Therefore, the order appealed from should be affirmed, without costs, and the case remitted to the Special Term, with directions to amend *nunc pro tunc* as of its original date the interlocutory judgment in accordance with the foregoing view.

KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

Order affirmed, without costs, and case remitted to the Special Term, with direction to amend *nunc pro tunc* as of its original date the interlocutory judgment in accordance with opinion.